IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES THOMAS BOYLAN**                                                          **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:22-cv-423-TSL-MTP**

**BILLY SOLLIE**                                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by James Thomas Boylan and the Motion to Dismiss [6] filed by Respondent. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [6] be granted, the Petition [1] be denied, and this action be dismissed.

## BACKGROUND

Petitioner is a pretrial detainee housed at the Lauderdale County Detention Facility. On March 5, 2021, Petitioner was arrested for human trafficking. *See* [1] at 1; [6-1]. On July 25, 2022, Petitioner, proceeding *pro se*, filed the instant Petition for a Writ of Habeas Corpus [1] asserting that he has been detained without an indictment since his arrest and that his counsel has not communicated with him. As relief, Petitioner requests that the Court order Respondent to "release [him] of charges" or, alternatively, "release [him] on [his] own recognizance."

On September 12, 2022, Respondent filed a Motion to Dismiss [6] arguing that the Petition should be dismissed for Petitioner's failure to state a claim upon which federal habeas relief may be granted or, alternatively, for his failure to exhaust available state court remedies. Petitioner did not respond to the Motion to Dismiss [6]. On October 12, 2022, Respondent filed a Supplement [7] to his Motion to Dismiss informing the Court that on September 15, 2022,

1

Petitioner was indicted for human trafficking as a habitual offender under Mississippi Code Ann. § 99-19-81. Respondent also renewed its request that the Petition be dismissed for failure to state a claim or for failure to exhaust available state court remedies. Petitioner did not respond to the Supplement [7].

## ANALYSIS

### *Speedy Trial*

Liberally construing the Petition,[1] it is apparent that Petitioner is challenging his pretrial detention based on his right to a speedy trial. According to Petitioner, at the time he filed his Petition, he had been detained for more than seventeen months. The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a speedy trial is applied to the states via incorporation by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).

A state pretrial detainee may raise a speedy trial claim under § 2241 to force the state to bring him to trial. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, relief under § 2241 is not available where the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial. *Id*. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him

---

[1] Courts give "a liberal construction to *pro se* habeas corpus pleadings." *McCloud v. Wainwright*, 508 F.2d 853, 854 n.2 (5th Cir. 1975).

promptly to trial." *Id*. (quoting *Smith v. Hooey*, 393 U.S. 374 (1969)). The distinction turns upon the type of relief sought: "an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Id*.

Here, Petitioner seeks the dismissal of his criminal charge. He does not request that the Court force the state to go to trial. Accordingly, for Petitioner's speedy trial claim, he has failed to state a claim upon which relief may be granted and is not entitled to habeas relief. *See*, *e.g.*, *Reed v. Sollie*, 2020 WL 2373765 (S.D. Miss. Apr. 14, 2020); *McNeil v. Mason*, 2020 WL 898513 (S.D. Miss. Jan. 29, 2020); *Houston v. Sollie*, 2018 WL 3203604 (S.D. Miss. May 29, 2018); *Nichols v. Director*, 2016 WL 1130277 (E.D. Tex. Feb. 29, 2016); *Brown v. Lewis*, 2013 WL 4678594 (S.D. Miss. Aug. 30, 2013).

***Exhaustion***

Respondent also argues that to the extent Petitioner is seeking to force the state bring him to trial or seeking to bring a claim based on ineffective assistance of counsel or excessive bail, he has failed to exhaust his available state court remedies. Indeed, a petitioner must exhaust available state court remedies as to each ground upon which he seeks habeas relief. *See Dickerson v Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. The exhaustion doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id*.

To satisfy the exhaustion requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

3

petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The petitioner must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them.  Here, Petitioner "would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009).

Petitioner has not raised the issue of speedy trial rights, ineffective assistance of counsel, or bail in the Mississippi Supreme Court.[2]  Thus, Petitioner has failed to exhaust his state court remedies. *See Parks v. Hubbard*, 2015 WL WL 5640187, at *3 (S.D. Miss. Sept. 24, 2015); *Atwood v. Smith*, 2012 WL 243738, at *2 (S.D. Miss. Jan. 25, 2012); *Hillie v. Webster*, 2019 WL 1304256, at *3 (N.D. Miss. Jan. 4, 2019).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Motion to Dismiss [6] be GRANTED;

2. Petitioner's request for release from detention be DISMISSED with prejudice; and

3. Petitioner's remaining claims be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[2] On two occasions, Petitioner filed motions for a bond reduction in the Lauderdale County Justice Court, which were denied. *See* [6-2].  Petitioner, however, did not present this, or any other issue, to the Mississippi Supreme Court. *See* https://www.courts.ms.gov/ (last visited February 15, 2023).

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 15th day of February, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE